UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEAH COHEN CHATINOVER
     Plaintiff                                  **Case No.:**


UNUM LIFE INSURANCE
COMPANY OF AMERICA and
THE REID AND RIEGE P.C. LONG              **NOVEMBER 20, 2019**
TERM DISABILITY PLAN
     Defendants

_____

## COMPLAINT

Plaintiff, Leah Chatinover, for her Complaint against Defendants, Unum Life Insurance Company of America ("Unum") and the Reid & Reige P.C. Long Term Disability Plan (the "Plan"), states as follows:

1.      Ms. Chatinover is an individual who, at times relevant to this Complaint, resided in Connecticut and who is or was a participant in the Plan, sponsored by her former employer, Reid & Reige, P.C.

2.      The Plan is an employee welfare benefit plan with an office in the County of Hartford, State of Connecticut.

3.      Unum is a stock insurance company with its principal place of business in the City of Portland, State of Maine.

4.      The Plan is funded, in part, through insurance policy number 135904 002 Unum sold to Reid & Reige, P.C. (the "Policy").

5.      Unum acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Policy, and pays for all benefits paid pursuant to the Policy.

6.      Ms. Chatinover brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Unum pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2). Venue is proper in this district as Unum does business in the State, and plaintiff resides in the State of Connecticut.

**Claim for Relief**

7.      The Policy provides that Unum will provide long-term disability benefits to participants who are considered disabled under the Policy. Under the Policy, a participant is considered disabled if a participant is limited from performing the material and substantial duties of your regular occupation due to sickness or injury and has a 20% or more reduction in indexed monthly earnings due to the same sickness or injury.

8.      Prior to her total disability, Ms. Chatinover was employed as a senior attorney.  The position requires substantial cognitive ability and mental stamina, and requires work in excess of 50 hours a week.

9.      In 2008, Ms. Chatinover began to suffer from fibromyalgia.

10.     In 2009, she started working a reduced schedule of 25 to 29 hours a week as a reasonable accommodation of the impairments resulting from fibromyalgia.

11.     In October 2009, Ms. Chatinover filed a claim for long term disability benefits based on her inability to work a full-time schedule as a result of fibromyalgia.

12.     Unum approved benefits in December 2009, finding that the medical evidence supported the reasonable conclusion that she was unable to sustain the weekly hours of cognitively demanding work required for the occupation of attorney.

13.     On October 29, 2010, Reid & Reige stated it could no longer accommodate her disabilities, and terminated her employment.

14.     On November 22, 2010, Ms. Chatinover started work at a small firm, initially working 25 to 29 hours a week as she was able, but later reduced to 20 to 29 hours a week due to her inability to sustain the higher range of hours.

15.     In May 2012 and August 2014, Unum found that the medical records continued to support Ms. Chatinover's inability to work the number of hours required for the occupation of attorney, and that the restrictions on work were permanent.

16.     On September 24, 2018, Unum issued a denial letter to Ms. Chatinover.  Unum stated that the basis for the denial was that she demonstrated capacity to perform a full-time position as an attorney.  Unum reached this conclusion by combining the 29 hours a week it assumed Ms. Chatinover worked plus other regular activities she engaged in such as weekly synagogue attendance and service on its board, and exercising four to five times a week.     Unum also stated that the normal test results and physical test results were inconsistent with the level of claimed impairment.

17.     The denial letter failed to comply with the requirements of 29 C.F.R. §2560.503-1(g)(1)(iii) by failing to specify any additional material or information necessary for the claimant to perfect the claim.

18.     Ms. Chatinover's medical condition, and the medical evidence supporting her impairments, had not changed since Unum's original finding that she was disabled, and the repeated findings during the time of the claim that her restrictions were medically supported and permanent. Unum changed its opinion regarding Ms. Chatinover's medical condition without any change in her condition.

19.     On March 12, 2019, Ms. Chatinover requested and extension to file her appeal of the denial to April 22, 2019, which Unum granted.

20.     On April 22, 2019, Ms. Chatinover submitted her appeal of the denial.  The appeal

challenged Unum's argument that Ms. Chatinover's activities showed she could perform the 50 hours a week of cognitively demanding work as an attorney.  The appeal pointed out the fallacies on which Unum's finding was based: Unum's finding depended on its assumption that Ms. Chatinover was regularly working 29 hours a week, even though she frequently was unable to do so and needed to work less; and attending synagogue or doing light exercise is not the same as working as an attorney.  Ms. Chatinover also submitted the results of a neuropsychological exam taken in early 2019, establishing that she was cognitively unable to perform the requirements of an attorney position, and showing degeneration from an earlier exam performed by the same doctor in 2010, on which Unum's original awarded of benefits was in part based.

21.     On June 6, 2019, Unum stated it was extending the period of time to decide the appeal to July 22, 2019 because it was waiting to receive the raw testing data from the neuropsychological exam submitted with Ms. Chatinover's appeal.

22.     On July 17, 2019, Unum denied the appeal.

23.     Ms. Chatinover continues to be disabled from her own occupation due to the effects of fibromyalgia.

24.     The decision to deny the appeal was arbitrary and capricious.

25.     As a result of the foregoing, Ms. Chatinover has suffered a loss in the form of unpaid benefits, among other things.

26.     Ms. Chatinover is entitled to a judgment against Unum in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing Unum to pay Ms. Chatinover future benefits.

27.     Ms. Chatinover is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Leah Chatinover, requests the Court grant her the following relief from Defendant Life Insurance Company of North America:

a.      A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b.      A judgment ordering Unum to continue to pay Ms. Chatinover long-term disability benefits for as long as she remains totally disabled under the Plan/Policy;

c.      A judgment ordering Unum to repay Ms. Chatinover hers costs and attorney's fees, under ERISA 502(g); and

d.      All other relief to which she is entitled, including de novo review of the decision to deny the claim.

Dated: November 20, 2019                              PLAINTIFF
                                                     LEAH CHATINOVER


                                                     _/s/ David S. Rintoul_____
                                                     David S. Rintoul, Esq.
                                                     Zeldes, Needle & Cooper, PC
                                                     1000 Lafayette Blvd, Suite 700
                                                     Bridgeport, CT 06604
                                                     Email: drintoul@znclaw.com
                                                     Direct: (203) 332-5782
                                                     Fax: (203) 333-1489